UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARIANNE SANDOZ                                                                              PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:13cv706-DPJ-FKB

THE UNITED STATES OF AMERICA                                                      DEFENDANT

ORDER

This medical-malpractice case, brought pursuant to the Federal Tort Claims Act, is before the Court on Defendant's Motion to Dismiss for Lack of Jurisdiction [11]. Because Plaintiff failed to timely file her claim under the FTCA, the motion to dismiss is granted.

I.      Facts and Procedural History

Plaintiff Marianne Sandoz underwent left cubital tunnel release surgery on October 6, 2011, at the G.V. Sonny Montgomery VA Medical Center. During the course of the surgery, and due to the alleged negligence of the VA surgeons performing the operation, Sandoz's ulnar nerve was transected, "causing permanent injury, pain, suffering, damage and harm to Ms. Sandoz's left arm and hand." Compl. [1] ¶ 13.

On February 2, 2011, Sandoz timely filed an administrative claim pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), with the Department of Veterans Affairs ("the Department"). Although Sandoz asserts that, as of the date she filed this lawsuit, "no action has been taken on said administrative claim by the Defendant," Compl. [1] ¶ 4, the Department denied the claim by letter to Sandoz's lawyer dated July 23, 2012, Brooks Decl. [14] ¶ 3 & Ex. C.

Sandoz filed this lawsuit on November 8, 2013. Defendant filed an Answer [9] and subsequently moved to dismiss for lack of subject-matter jurisdiction [11]. Sandoz failed to file

a timely response, and on August 20, 2014, the Court entered a show-cause order. Sandoz responded [17, 18]; Defendant filed a rebuttal [20], and the Court is now prepared to rule.

II.     Standard

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, at 161 (citations omitted). In considering whether jurisdiction exists, the Court is not bound by the allegations in the complaint. "Lack of subject matter jurisdiction may be found in any one on three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, at 161; *In re FEMA Trailer Formaldehyde*, at 189.

III.    Analysis

The FTCA grants federal district courts "exclusive jurisdiction of civil actions on claims against the United States for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). The FTCA waives the United States's sovereign immunity from tort suits and is the exclusive remedy for damages arising from the tortious acts of federal agencies or their employees. *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998) (citing 28 U.S.C. §§ 2674, 2679). The FTCA contains a statute of limitations:

> A tort claim against the United States shall be *forever barred* unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or *unless action is begun within six months after the date of mailing, by*

> *certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.*

28 U.S.C. § 2401(b) (emphasis added).

Defendant asserts that the Complaint must be dismissed because Sandoz failed to file her lawsuit within six months after the Department mailed its final denial to her at her attorney's Mandeville, Louisiana address. Pursuant to applicable regulations, denial of a claim under the FTCA "shall be . . . sent to the claimant, his attorney, or legal representative." 28 C.F.R. § 14.9; *see Childers v. United States*, 442 F.2d 1299, 1302 (5th Cir. 1971). And in this case, the address to which the Department sent the denial notice is the same address associated with Sandoz's attorney in the Court's own records. *Compare* Docket Sheet (listing Steven Jay Irwin's business address as 761 Magnolia Ridge Drive East, Mandeville, LA 70448), *with* Brooks Decl. [14] Ex. C (same). Finally, Defendant has provided a receipt stating that the letter was delivered "in MANDEVILLE LA 70448." Def.'s Mot. 14-1 at 2.

Sandoz counters that she never received the denial and contends that Defendant has not proven "that the delivery was made to [Sandoz's lawyer's] address." Pl.'s Mem. [18] at 3. In other words, she believes the Government must at least prove the letter "made it to the address it was sent to." *Id.* at 5.

Sandoz cites no authority for this argument, and it has been rejected by the Fifth Circuit. In *Beemer v. Holder*, the Government failed to produce a return receipt and the plaintiff denied receiving the letter. 495 F. App'x 396 (5th Cir. 2012). Nevertheless, the court flatly held that "whether [a plaintiff] *received* the notice is immaterial for the purpose of the FTCA. . . ." 495 F. App'x at 400. "The plain language of 28 U.S.C. § 2401(b) requires that the statute of limitations

3

start to run the moment the government *mails* notice of an FTCA claim denial." *Id.* (citing *Carr Veterans Admin.*, 522 F.2d 1355, 1357 (5th Cir. 1975) (confirming that six-month statute of limitations "beg[i]n[s] to run on the date of mailing," not the date the plaintiff receives denial)).

Thus, even if Sandoz is correct that she never received the denial letter, the statute began to run when the Department mailed it. The Declaration of Delmus (Dale) Brooks [14] establishes that the Department mailed the denial to Sandoz's attorney on July 27, 2012. So the six-month limitations period began to run on that date and expired no later than January 28, 2013. Sandoz filed her lawsuit more than 10 months later, so her claim is time-barred.

Sandoz alternatively seeks equitable tolling of the FTCA's limitation period. It is not entirely clear whether the FTCA's limitation period is jurisdictional and therefore not subject to equitable tolling. *Compare In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 646 F.3d 185, 190 (5th Cir. 2011) (holding that limitations is jurisdiction) *with Perez v. United States*, 167 F.3d 913, 915–17 (5th Cir. 1999) (holding that it is not)). Indeed, the United States Supreme Court has granted a petition for a writ of certiorari on this precise issue. *See Kwai Fun Wong v. Beebe*, 732 F.3d 1030 (9th Cir.) (en banc) (holding that FTCA's six-month statute of limitations is not jurisdictional and therefore subject to equitable tolling), *cert. granted sub nom. United States v. Kwai Fun Wong*, 134 S. Ct. 2873 (2014).

The Court need not address that issue, however, because it concludes that Sandoz would not be entitled to equitable tolling even if it were permitted. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). But it is a device extended sparingly. *Irwin v.*

4

*Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). And the party seeking equitable tolling bears the burden of justifying it. *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999). Generally, a plaintiff seeking equitable tolling must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Sandoz appears to assert that her non-receipt of the denial letter qualifies as "extraordinary circumstances" sufficient to permit equitable tolling. Sandoz cites no authority supporting her claim that equitable tolling should apply in a situation in which a denial letter was mailed but not received, and the Court has found none. *Cf. Jackson v. United States*, 751 F.3d 712, 720 (6th Cir. 2014) (affirming denial of equitable tolling in FTCA case where plaintiff's lawyer's office relocated before denial letter was sent, so that denial letter was returned to government as undeliverable, and government "took no further action"). And applying equitable tolling in such a situation would be contrary to the Fifth Circuit's approach to the six-month limitations period, which deems "whether [the plaintiff] *received* the notice . . . immaterial." *Beemer*, 495 F. App'x at 400. Although the result seems harsh, it is consistent with the Fifth Circuit's view on the statute of limitations under the FTCA. Sandoz's claims are time-barred and not saved by equitable tolling.

IV.   Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss for Lack of Jurisdiction [11] is granted. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 15th day of October, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

5